NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0754n.06
Filed: October 11, 2006

No. 05-6718

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT COURT |
| Plaintiff-Appellee, | ) | FOR THE |
| | ) | WESTERN DISTRICT OF TENNESSEE |
| v. | ) | |
| | ) | **OPINION** |
| KENNETH RAY VANN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**BEFORE:** **GIBBONS, McKEAGUE, Circuit Judges; and FORESTER, District Judge**[*]

**Forester, District Judge.** Appellant Kenneth Ray Vann appeals his enhanced sentence as a felon in possession of a firearm to preserve the record in the event the United States Supreme Court changes the law of Almendarez-Torres v. United States, 523 U.S. 224 (1998), that courts can consider prior convictions not named in the indictment for purposes of enhancing a sentence. Vann's position is that prior convictions are elements of an offense to be submitted to the jury. Since Vann's argument is contrary to the existing law of the United States Supreme Court and the Sixth Circuit, we affirm the district court.

### Background

Vann was charged March 15, 2004 with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On August 31, 2004, he pled guilty to Count I of the Indictment, which included four prior felony offenses, Case Nos. 96-58, 96-60 and 96-280. He was sentenced to a term of 120 months imprisonment followed by two years of supervised

_____

* The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

release.  Vann appealed, and the judgment was reversed and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005).  The same term was imposed at the resentencing hearing conducted October 21, 2005.

Vann's counsel appears to be arguing that, in addition to the prior convictions listed in the indictment and admitted in the plea, the court considered additional convictions listed in the Presentence Report ("PSR").  The handwritten calculations on the PSR suggest an offense level of 14, rather than 24, and an Adjusted Offense Level of 18, rather than 28, if these additional prior convictions had not been considered.

At the resentencing hearing, Vann's counsel renewed an objection under Almendarez-Torres claiming that the United States Supreme Court might revisit that issue and that the adjusted offense level would be 18, rather than 28.  Counsel acknowledged that the district court was bound by Sixth Circuit precedents to overrule the objection, but said he wished to make the objection for the record.  No objections to the PSR were filed.

The United States responds in its brief that Vann is asking this Court to overturn the decisions not only of other panels of the Sixth Circuit, but also of the United States Supreme Court.  Accordingly, it responds the claim is without merit.

**Analysis**

As recently as United States v. Booker, 543 U.S. 220, 244 (2005), the Supreme Court said:

> Accordingly, we affirm our holding in Apprendi [v. New Jersey, 530 U.S. 466 (2000)]: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

This Court on several recent occasions has rejected the same argument made in this case.  In United States v. Barnett, 398 F.3d 516, 524 (6th Cir. 2005), this Court said:

2

No. 05-6718
United States v. Vann

> Existing case law establishes that Apprendi does not require the nature or character of prior convictions to be determined by a jury. In Apprendi, the Supreme Court expressly excepted the fact of a prior conviction from the rule requiring issues of fact that increase a defendant's penalty to be submitted to the jury.

This Court noted there was no language in Booker to suggest any intent to change the law "allowing district courts to consider the fact and nature of prior convictions without submitting those issues to the jury." Id. at 525. See also United States v. Bradley, 400 F.3d 459, 462-63 (6th Cir. 2005).

> Sixth Cir. R. 206(c) provides:

> **Published Opinions Binding**. Reported panel opinions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel. Court en banc consideration is required to overrule a published opinion of the court.

Numerous cases have emphasized this principle. See, e.g., United States v. Humphrey, 287 F.3d 422, 452 (6th Cir. 2002) ("It is axiomatic that a court of appeals must follow the precedent of prior panels within its own circuit.") (overruled on other grounds); Salmi v. Secretary of Health and Human Services, 774 F.2d 685, 689 (6th Cir. 1985) ("A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision."); Darrah v. City of Oak Park, 255 F.3d 301, 309 (6th Cir. 2001); Gaddis ex rel. Gaddis v. Redford Twp., 364 F.3d 763, 770 (6th Cir. 2004).

Counsel for Vann acknowledges that this Court is bound by its precedents and by the decisions of the United States Supreme Court. Accordingly, Vann's sentence is affirmed.

3